### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ANA LAURA FLORES, individually, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| TRIUNE LOGISTICS, LLC, | ) | Magistrate Judge |
| | ) | |
| Defendant | ) | |
| | ) | |

### COMPLAINT

Plaintiff Ana Laura Flores, (hereafter "Plaintiff") on behalf of herself, through her attorneys, for her Complaint against Defendant Triune Logistics, LLC., (hereafter "Defendant") states as follows:

### I.      NATURE OF THE CASE

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 105/1 *et seq.* ("IWPCA"), and the Illinois Day and Temporary Labor Services Act 820 ILCS 175/1 *et seq.* ("IDTLSA") for Defendant's: 1) failure to pay overtime wages to Plaintiff in violation of the FLSA and the IMWL; 2) Defendant's failure to pay Plaintiff for all wages due at the rate agreed to by the Parties in violation of the IWPCA; and 3) Defendant's adverse employment actions against Plaintiff in retaliation  for Plaintiff engaging in protected activity under the FLSA, IDTLSA and the IWPCA . Defendant's unlawful compensation practices have had the effect of denying Plaintiff her earned and living wages.

## II.     JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b).   This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.  Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred within this judicial district.

## III.     PARTIES

**Plaintiff**

3.      During the course of her employment, Plaintiff:

     a.   handled goods that moved in interstate commerce;

     b.   Was an "employee" of Defendants as that term is defined by the FLSA, and the IMWL;

     c.   Has resided in and been domiciled in the state of Illinois and within this judicial district.

**Defendant**

4.      Within the relevant time period, Defendant Triune Logistics, LLC:

     a.   Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

     b.   Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A);

     c.   Has had two or more employees that have handled goods that have moved in interstate commerce;

    d.   Has been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) *et seq*.

    e.   Has been engaged in the business of employing day or temporary laborers to provide services, for a fee, to third party clients pursuant to contracts between itself and those third party clients;

    f.   Has been a "day and temporary labor service agency" (hereafter "Staffing Agency") as defined by the IDTLSA, 820 ILCS 175/5

## FACTUAL BACKGROUND

5.     Defendant is in the business of recruiting and contracting temporary laborers for a fee and assigning those laborers to its clients companies to fill those companies' temporary labor needs.

6.     Plaintiff was employed by Defendant from approximately September of 2016 through approximately June of 2017 to work as a laborer dispatcher at one of Defendant's dispatch offices in Chicago.

7.     Plaintiff worked at two of Defendant's offices in Chicago as well as in Defendant's office in Bolingbrook.

8.     During the period of time that Plaintiff was employed by Defendant, Defendant regularly directed Plaintiff to work in excess of forty hours per individual work weeks.

9.     When Plaintiff began working for Defendant, Plaintiff was paid a fixed salary of $500.00 per week for all hours that Plaintiff worked.

10.    Plaintiff's salary changed to $600.00 per week approximately in February of 2017.

11.    Approximately in late February 2017, Plaintiff suffered an accident while working for Defendant.

12.    Plaintiff reported the accident and need for medical attention to Defendant.

13. After suffering an accident at work Plaintiff also proceeded to file a workers compensation claim.

14. Approximately on mid-March of 2017, Plaintiff's, after Plaintiff reported her accident, Plaintiff's salary was reduced to $500.00 per week.

15. Approximately on mid-April 2017, Plaintiffs' rate of pay changed once more to $10.50 per hour.

16. In late April, 2017, Plaintiff's rate of pay was changed to $9.50 per hour.

17. Plaintiff was not exempt from the overtime payment requirements of the FLSA and the IMWL.

18. Plaintiff regularly worked six days per week and sometimes as much as seven days per week for Defendant.

19. Plaintiff regularly worked between 48- and 60 hours a week for Defendant.

20. Defendant's practice of paying Plaintiff a fixed salaried rate of pay without regard for how many overtime hours Plaintiff worked resulted in Defendant failing to pay any overtime premiums to Plaintiff for all hours worked in excess of forty per week

21. After Plaintiff was changed to an hourly rate of pay, and after Plaintiff reported her accident in the course of her employment to Defendant, Defendant began shorting hours from Plaintiff's weekly wages.

22. The hours that Plaintiff was shorted each week were hours worked in excess of forty hours per week and should have been paid at an overtime rate.

23. Plaintiff complained about Defendant's failure to compensate Plaintiff for all time she had worked to her superiors including Gabriela Reyes, Robert, l/n/u, and Aflred Garza.

24. Defendant's practice of not paying Plaintiff for all hours she worked during individual work weeks intensified after Plaintiff complained about said practice to Defendant.

25.     Defendant discharged Plaintiff approximately in mid-June 2017

26.     Defendant's pay reduction, shorting of hours, and eventual discharge of Plaintiff was in retaliation for Plaintiff reporting her accident at work to Defendant and filing a workers' compensation claim.

27.     Defendant's discharge of Plaintiff was in retaliation for Plaintiff complaining to Defendant about Defendant's practice of not paying Plaintiff for all of her time worked including all of her overtime wages.

28.     Defendant's retaliatory discharge and shorting of hours worked was in violation of the anti retaliation provisions of the FLSA, the IMWL, and the IDTLSA.

## COUNT I
## Violation of the Fair Labor Standards Act- Overtime Wages

29.     Plaintiff incorporates and re-allege paragraphs 1 through 28 of this Complaint, as though set forth herein.

30.     The matters set forth in this Count arise from Defendant's violation of the overtime provisions of the FLSA.

31.     Defendant suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during her employment with Defendant.

32.     Plaintiff was not exempt from the overtime wage provisions of the FLSA.

33.     Defendant violated the FLSA by failing to compensate Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

34.     Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing this lawsuit because Defendant's violation was willful.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.    A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks.

B.    Liquidated damages in the amount equal to the unpaid overtime wages;

C.    That the Court declare that Defendant has violated the FLSA;

D.    That the Court enjoin Defendant from violating the FLSA;

E.    Reasonable attorneys' fees and costs of this action as provided by the FLSA; and Such other and further relief as this Court deems appropriate and just

## COUNT II
### Violation of the Illinois Minimum Wage Law- Overtime Wages

35.    Plaintiff incorporates and re-alleges paragraphs 1 through 34 of this Complaint, as though set forth herein.

36.    The matters set forth in this Count arise from Defendant's violation of the overtime wage provisions of the IMWL.

37.    Defendant suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during her employment with Defendant.

38.    Plaintiff was not exempt from the overtime wage provisions of the IMWL and was entitled to be compensated at time and a half her regular rate of pay for all time worked in excess of forty hours per week.

39.    Defendant violated the IMWL by failing to compensate Plaintiff for all time worked in excess of forty (40) hours in individual work weeks at time and a half Plaintiff's regular rate of pay.

40.    Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.      A judgment in the amount of all overtime wages due to Plaintiff as provided by the IMWL;

B.      Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      That the Court declare that Defendant has violated the IMWL;

D.      That the Court enjoin Defendant from violating the IMWL

E.      Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act – Retaliation

Plaintiff hereby re-alleges and incorporates paragraphs 1 through 40 of this Complaint, as if fully set forth herein.

41.      This Count arises from Defendant's violation of the FLSA for Defendant's retaliatory acts against Plaintiff.

42.      Plaintiff was subjected to unlawful shorting of hours worked, including hours that should have been paid an overtime rate of pay, as alleged in paragraphs 5-28, *supra*.

43.      Plaintiff made complaints to Defendant about Defendant's failure to pay her for all time worked.

44.      Defendant discharged Plaintiff in retaliation for Plaintiff's Complaints about Defendant's failure to pay her for all time worked, including hours worked in excess of forty hours per week.

45.      Pursuant to Section 15(a)(3) of the FLSA, it is unlawful to discharge or in any other manner discriminate against employees because such employees have made a Complaint under or related to the FLSA.

46.      Defendant's retaliatory acts against Plaintiff after she made her Complaints were in violation of Section 15(a)(3) of the FLSA.

47.      Plaintiff is entitled to recover such legal or equitable relief as may be appropriate to effectuate the purposes of Section 15(a)(3) of the FLSA.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.      A judgment in the amount of such legal or equitable relief as may be appropriate to effectuate the purposes of Section 15(a)(3) of the FLSA;

B.      That the Court declares that Defendant retaliated against Plaintiff in violation of Section 15(a)(3) of the FLSA;

C.      Reasonable attorneys' fees and costs of this action as provided for by the FLSA;

D.      Such other and further relief as this Court deems appropriate and just.

### COUNT IV
### Violation of the Illinois Wage Payment and Collection Act – Retaliation

Plaintiff hereby re-alleges and incorporate paragraphs 1 through 47 of this Complaint, as if fully set forth herein.

48.      This Count arises from Defendant's violation of the IWPCA for Defendant's retaliatory acts against Plaintiff.

49.      Plaintiff was subjected to unlawful shorting of hours worked, including hours that should have been paid an overtime rate of pay, as alleged in paragraphs 5-28, *supra*.

50.      Plaintiff made complaints to her employer about Defendant's failure to pay her for all time worked.

51.      Defendant discharged Plaintiff in retaliation for Plaintiff's Complaints about Defendant's failure to pay her for all time worked.

52.      Pursuant to Section 14(c) of the IWPCA, it is unlawful to discharge or in any other manner discriminate against employees because such employees have made a complaint to their employer or a community organization or filed a Complaint under or related to the IWPCA.

53.      Defendant's retaliatory acts against Plaintiff were in violation of Section 14(c) of the IWPCA.

54.      Plaintiff is entitled to recover such legal or equitable relief as may be appropriate to effectuate the purposes of Section 14(c) of the IWPCA.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.    A judgment in the amount of such legal or equitable relief as may be appropriate to effectuate the purposes of Section 14(c) of the IWPCA;

B.    That the Court declares that Defendant retaliated against Plaintiff in violation of Section 14(c) of the IWPCA;

C.    Reasonable attorneys' fees and costs of this action as provided for by the IWPCA;

D.    Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Illinois Day Temporary Labor Services Act – Retaliation

Plaintiff hereby re-alleges and incorporates paragraphs 1 through 53 of this Complaint, as if fully set forth herein.

55.    This Count arises from Defendant's violation of the IDTLSA for Defendant's retaliatory acts against Plaintiff.

56.    Plaintiff was subjected to unlawful shorting of hours worked, including hours that should have been paid an overtime rate of pay, as alleged in paragraphs 5-26, *supra*.

57.    Plaintiff made complaints to Defendant about Defendant's failure to pay her for all time worked.

58.    Defendant discharged Plaintiff in retaliation for Plaintiff's Complaints about Defendant's failure to pay her for all time worked.

59.    Pursuant to Section 90 of the IDTLSA, it is unlawful to discharge or in any other manner discriminate against employees because such employees have made a complaint to a staffing agency, a third party client company or a community organization or filed a Complaint under or related to the IDTLSA.

60.    Defendant's retaliatory acts against Plaintiff were in violation of Section 90 of the IDTLSA.

61.    Plaintiff is entitled to recover such legal or equitable relief as may be appropriate to effectuate the purposes of Section 90 of the IDTLSA.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.    A judgment in the amount of such legal or equitable relief as may be appropriate to effectuate the purposes of Section 90 of the IDTLSA;

B.    That the Court declares that Defendant retaliated against Plaintiff in violation of Section 90 of the IDTLSA;

C.    Reasonable attorneys' fees and costs of this action as provided for by the IDTLSA;

D.    Such other and further relief as this Court deems appropriate and just.

## COUNT VI
## Retaliation

Plaintiff hereby incorporates and re-alleges paragraphs 1 to 61 of this Complaint as though set forth herein.

62.    This Count arises from Defendant's retaliatory discharge of Plaintiff in derogation of her rights under the Illinois Workers' Compensation Act.

63.    Plaintiff was injured while performing her duties for Defendant

64.    Plaintiff informed the Defendant of the work injury.

65.    Defendant discharged Plaintiff in derogation of her rights under the Illinois Workers Compensation Act and to intimidate Plaintiff and dissuade him from asserting her rights under the Act.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.    A judgment in the amount of such legal or equitable relief as may be appropriate to effectuate the purposes of the Illinois Workers' Compensation Act;

B.    That the Court declares that Defendant retaliated against Plaintiffs in derogation of this right under the Illinois Workers' Compensation Act.

C.    Reasonable attorneys' fees and costs of this action;

D.    Such other and further relief as this Court deems appropriate and just

Respectfully submitted,

Dated: October 12, 2017

s/Alvar Ayala
Alvar Ayala
Christopher J. Williams
Workers' Law Office, P.C.
53 W. Jackson Blvd., Suite 701
Chicago, Illinois 60604
(312) 795-9121

Plaintiff's Attorneys