**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANA LAURA FLORES, individually, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-07379 |
| | ) | |
| TRIUNE LOGISTICS, LLC, and | ) | Judge Harry D. Leinenweber |
| ALFRED A. GARZA, individually, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

The Defendants TRIUNE LOGISTICS, LLC (hereinafter referred to as "TRIUNE") and ALFRED A. GARZA (hereinafter referred to as "GARZA") and for their answer to the Plaintiff ANA LAURA FLORES' (hereinafter referred to as "FLORES") first amended complaint states:

## I.      NATURE OF THE CASE

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL"), the Chicago Minimum Wage Ordinance ("CMWO") 1-24-010 *et seq.*, the Illinois Wage Payment and Collection Act, 820 ILCS 105/1 et seq. ("IWPCA"), and under common law for Defendants': 1) failure to pay overtime wages to Plaintiff in violation of the FLSA, the IMWL, and the CMWO; 2) Defendants' failure to pay minimum wages to Plaintiff for all time worked in violation of the FLSA, IMWL, and CMWO; and 3) Defendants' adverse employment actions against Plaintiff in retaliation for Plaintiff engaging in

1

protected activity under the FLSA, CMWO and the IWPCA. Defendants' unlawful compensation practices have had the effect of denying Plaintiff her earned and living wages.

**ANSWER:  The Defendants admit that the Plaintiff is attempting to state causes of action under the Fair Labor Standards Act, Illinois Minimum Wage Law, Chicago Minimum Wage Ordinance, Illinois Wage Payment and Collection Act and under common law, but denies that there are any causes of action against them under these statutes or under common law.**

## II.      JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. §1367. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs claims occurred within this judicial district.

**ANSWER:  The Defendants deny the allegations in paragraph 2.**

## III.      PARTIES

**Plaintiff**

3.      During the course of her employment, Plaintiff:

 a.      handled goods that moved in interstate commerce;

 b.      Was an "employee" of Defendants as that term is defined by the FLSA, the IMWL, the CMWO, and the IWPCA;

2

      c.     Has resided in and been domiciled in the state of Illinois and within this judicial district.

**ANSWER:  The Defendants deny the allegations in paragraph 3a and 3b and are without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3c and, therefore, deny the allegations in said subparagraph.**

**<u>Defendant</u>**

4.     Within the relevant time period. Defendant Triune Logistics, LLC:

      a.     Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

      b.     Has been an "enterprise" as defined by Section 3(r)(l) of the FLSA, 29 U.S.C. §203(r)(l), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A);

      c.     Has had two or more employees that have handled goods that have moved in interstate commerce;

      d.     Has been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) et seq.

      e.     Has been engaged in the business of employing day or temporary laborers to provide services, for a fee, to third party clients pursuant to contracts between itself and those third party clients;

3

       f.      Has been a "day and temporary labor service agency" (hereafter "Staffing Agency") as defined by the IDTLSA, 820 ILCS 175/5

**ANSWER:  The Defendants deny the allegations in paragraph 4.**

    5.    During the relevant time period. Defendant Alfred A. Garza:

       a.      Has been a principal officer of Defendant Triune;

       b.      Among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiff, to authorize payment of wages to Plaintiff, to sign on the company's checking accounts, including any payroll accounts, and to participate in decisions regarding the operation of the business and employment policies and practices;

       c.      Was Plaintiffs' "employer" as that term is defined by the FLSA, IMWL, and CM WO; and

       d.      Resides in this judicial district.

**ANSWER:  GARZA admits that he has been an officer of TRIUNE, but denies the remaining allegations of paragraph 5.**

## FACTUAL BACKGROUND

    6.    Defendant Triune is in the business of recruiting and contracting temporary laborers for a fee and assigning those laborers to its clients companies to fill those companies' temporary labor needs.

**ANSWER:  The Defendants admit the allegations in paragraph 6.**

7.    Plaintiff was employed by Defendants from approximately September of 2016 through approximately June of 2017 to work as a laborer dispatcher at one of Defendant's dispatch offices in Chicago.

**ANSWER:   The Defendants deny the allegations in paragraph 7.**

8.    Plaintiff worked at two of Defendants' offices in Chicago as well as in Defendant's office in Bolingbrook.

**ANSWER:   The Defendants deny the allegations in paragraph 8.**

9.    During the period of time that Plaintiff was employed by Defendants, Defendants regularly directed Plaintiff to work in excess of forty hours per individual work weeks.

**ANSWER:   The Defendants deny the allegations in paragraph 9.**

10.    When Plaintiff began working for Defendants, Plaintiff was paid a fixed salary of $500.00 per week for all hours that Plaintiff worked.

**ANSWER:  The Defendants admit that when Plaintiff began working for Defendant TRUINE, Plaintiff was paid a salary of $500.00 per week for all hours that she worked.**

11.    Plaintiffs salary changed to $600.00 per week approximately in February of 2017.

**ANSWER:   The Defendants deny the allegations in paragraph 11.**

12.    Plaintiffs salary was again reduced to $500.00 approximately in March 2017.

**ANSWER:   The Defendants deny the allegations in paragraph 12.**

13. Approximately in April 2017, Plaintiff payment was wage structure was changed from a salary to an hourly rate of pay.

**ANSWER: The Defendants deny the allegations in paragraph 13.**

14. Approximately in late February 2017, Plaintiff suffered an accident while working for Defendant.

**ANSWER: The Defendants admit that in approximately late February, 2017, the Plaintiff suffered an accident.**

15. Plaintiff reported the accident and need for medical attention to Defendant.

**ANSWER: The Defendants deny that the Plaintiff reported the accident to the Defendant GARZA. The Defendants admit that the Plaintiff reported the accident to the Defendant TRIUNE.**

16. After suffering an accident at work Plaintiff also proceeded to file a workers' compensation claim.

**ANSWER: The Defendants admit to the allegations of paragraph 16.**

17. Approximately on mid-March of 2017, after Plaintiff reported her accident. Plaintiffs salary was reduced to $500.00 per week.

**ANSWER: The Defendants deny the allegations in paragraph 17.**

18. Approximately on mid-April 2017, Plaintiffs' rate of pay changed once more to $10.50 per hour.

**ANSWER: The Defendants deny the allegations in paragraph 18.**

19. In late April, 2017, Plaintiffs rate of pay was changed to $9.50 per hour.

**ANSWER: The Defendants deny the allegations in paragraph 19.**

6

20.     Plaintiff was not exempt from the overtime payment requirements of the FLSA, the IMWL, or the CMWO.

**ANSWER:   The Defendants deny the allegations in paragraph 20.**

21.     Plaintiff regularly worked six days per week and sometimes as much as seven days per week for Defendants.

**ANSWER:   The Defendants deny the allegations in paragraph 21.**

22.     Plaintiff regularly worked between 48- and 60 hours a week for Defendants.

**ANSWER:   The Defendants deny the allegations in paragraph 22.**

23.     Defendants' practice of paying Plaintiff a fixed salaried rate of pay without regard for how many overtime hours Plaintiff worked resulted in Defendants failing to pay any overtime premiums to Plaintiff for all hours worked in excess of forty per week

**ANSWER:   The Defendants deny the allegations in paragraph 23.**

24.     After Plaintiff was changed to an hourly rate of pay, and after Plaintiff reported her accident in the course of her employment to Defendants, Defendants began shorting hours from Plaintiffs weekly wages.

**ANSWER:   The Defendants deny the allegations in paragraph 24.**

25.     The hours that Plaintiff was shorted each week were hours worked in excess of forty hours per week and should have been paid at an overtime rate.

**ANSWER:   The Defendants deny the allegations in paragraph 25.**

26. During certain works weeks. Defendants shorting of hours was severe enough to bring Plaintiffs wages below the federally mandate, Illinois mandated, and Chicago mandated hourly minimum wage rate.

**ANSWER: The Defendants deny the allegations in paragraph 26.**

27. Plaintiff complained about Defendants' failure to compensate Plaintiff for all time she had worked to her superiors including Gabriela Reyes, Robert, l/n/u, and Aflred Garza.

**ANSWER: The Defendants deny the allegations in paragraph 27.**

28. Defendant's practice of not paying Plaintiff for all hours she worked during individual work weeks intensified after Plaintiff complained about said practice to Defendants.

**ANSWER: The Defendants deny the allegations in paragraph 28.**

29. Defendants discharged Plaintiff approximately in mid-June 2017.

**ANSWER: The Defendants admit that the Plaintiff was discharged in or about mid-June, 2017.**

30. Defendants' pay reduction, shorting of hours, and eventual discharge of Plaintiff was in retaliation for Plaintiff reporting her accident at work to Defendants and filing a workers' compensation claim.

**ANSWER: The Defendants deny the allegations in paragraph 30.**

31. Defendants' discharge of Plaintiff was in retaliation for Plaintiff complaining to Defendant about Defendants' practice of not paying Plaintiff for all of her time worked including all of her overtime wages.

8

**ANSWER: The Defendants deny the allegations in paragraph 31.**

32.    Defendants' retaliatory discharge and shorting of hours worked was in violation of the anti retaliation provisions of the FLSA, the IMWL, the IWPCA, and the CMWO.

**ANSWER: The Defendants state that they did not engage in any form of retaliatory discharge or shorting of hours and, therefore, there is no violation of any anti-retaliation provisions of the statutes mentioned in paragraph 32.**

**COUNT I**
**Violation of the Fair Labor Standards Act- Overtime Wages**

33.    Plaintiff incorporates and re-alleges paragraphs 1 through 32 of this Complaint, as though set forth herein.

**ANSWER: The Defendants repeat, reallege and incorporate by reference their answers to paragraphs 1 through 32 of the amended complaint as their answer to paragraph 33 of Count I.**

34.    The matters set forth in this Count arise from Defendants' violation of the overtime provisions of the FLSA.

**ANSWER:   The Defendants deny the allegations in paragraph 34.**

35.    Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during her employment with Defendants.

**ANSWER: The Defendants deny the allegations in paragraph 35.**

36.    Plaintiff was not exempt from the overtime wage provisions of the FLSA.

**ANSWER:   The Defendants deny the allegations in paragraph 36.**

37.     Defendants violated the FLSA by failing to compensate Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

**ANSWER:   The Defendants deny the allegations in paragraph 37.**

38.     Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing this lawsuit because Defendants' violation was willful.

**ANSWER:   The Defendants deny the allegations in paragraph 38.**

WHEREFORE, the Defendants TRIUNE LOGISTICS, LLC and ALFRED A. GARZA request that judgment be entered in their favor and against the Plaintiff ANA LAURA FLORES on Count I of the first amended complaint and award them costs and whatever further relief as this Court may deem appropriate.

THE DEFENDANTS REQUEST TRIAL BY JURY.

## COUNT II
### Violation of the Illinois Minimum Wage Law- Overtime Wages

39.     Plaintiff incorporates and re-alleges paragraphs 1 through 38 of this Complaint, as though set forth herein.

**ANSWER:   The Defendants repeat, reallege and incorporate by reference their answers to paragraphs 1 through 38 of the amended complaint as their answer to paragraph 39 of Count II.**

40.     The matters set forth in this Count arise from Defendants' violation of the overtime wage provisions of the IMWL.

**ANSWER:   The Defendants deny the allegations in paragraph 40.**

41. Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during her employment with Defendants.

**ANSWER: The Defendants deny the allegations in paragraph 41.**

42. Plaintiff was not exempt from the overtime wage provisions of the IMWL and was entitled to be compensated at time and a half her regular rate of pay for all time worked in excess of forty hours per week.

**ANSWER: The Defendants deny the allegations in paragraph 42.**

43. Defendants violated the IMWL by failing to compensate Plaintiff for all time worked in excess of forty (40) hours in individual work weeks at time and a half Plaintiffs regular rate of pay.

**ANSWER: The Defendants deny the allegations in paragraph 43.**

44. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

**ANSWER: The Defendants deny the allegations in paragraph 44.**

WHEREFORE, the Defendants TRIUNE LOGISTICS, LLC and ALFRED A. GARZA request that judgment be entered in their favor and against the Plaintiff ANA LAURA FLORES on Count II of the first amended complaint and award them costs and whatever further relief as this Court may deem appropriate.

THE DEFENDANTS REQUEST TRIAL BY JURY.

## COUNT III
## Violation of the CMWO- Overtime Wages

45.     Plaintiff incorporates and re-alleges paragraphs 1 through 44 of this Complaint, as though set forth herein.

**ANSWER:  The Defendants repeat, reallege and incorporate by reference their answers to paragraphs 1 through 44 of the amended complaint as their answer to paragraph 45 of Count III.**

46.     The matters set forth in this Count arise from Defendants' violation of the overtime wage provisions of the CMWO.

**ANSWER:  The Defendants deny the allegations in paragraph 46.**

47.     Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during her employment with Defendants.

**ANSWER:  The Defendants deny the allegations in paragraph 47.**

48.     Plaintiff was not exempt from the overtime wage provisions of the CMWO.

**ANSWER:  The Defendants deny the allegations in paragraph 48.**

49.     Defendants violated the CMWO by failing to compensate Plaintiff for all time worked in excess of forty (40) hours in individual work weeks at time and a half at least the minimum wage mandated by the CMWO.

**ANSWER:  The Defendants deny the allegations in paragraph 49.**

50.     Pursuant to CMWO 1-24-110, Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit.

12

**ANSWER:   The Defendants deny the allegations in paragraph 50.**

WHEREFORE, the Defendants TRIUNE LOGISTICS, LLC and ALFRED A. GARZA request that judgment be entered in their favor and against the Plaintiff ANA LAURA FLORES on Count III of the first amended complaint and award them costs and whatever further relief as this Court may deem appropriate.

THE DEFENDANTS REQUEST TRIAL BY JURY.

**COUNT IV**
**Violation of the FLSA - Minimum Wages**

Plaintiff incorporates and re-alleges paragraphs 1 through 50 as though set forth herein.

**ANSWER:   The Defendants repeat, reallege and incorporate by reference their answers to paragraphs 1 through 50 of the amended complaint as their answer to the preamble to Count IV since there is no paragraph number to the Plaintiff's incorporation provisions.**

51.    This Count arises from a violation of the FLSA for Defendants' failure to pay Plaintiff not less than the federally-mandated minimum wage rate for all hours worked in individual work weeks as described more fully in paragraphs 6-32, supra.

**ANSWER:   The Defendants deny the allegations in paragraph 51.**

52.    Defendants suffered and permitted Plaintiff to work in multiple individual work weeks within the three years prior to Plaintiff filing this lawsuit.

**ANSWER:   The Defendants deny the allegations in paragraph 52.**

53.    Plaintiff was not exempt from the minimum wage provisions of the FLSA.

**ANSWER:   The Defendants deny the allegations in paragraph 53.**

54.   Plaintiff was entitled to be paid not less than the federally-mandated minimum wage for all hours worked in individual work weeks.

**ANSWER:   The Defendants deny the allegations in paragraph 54.**

55.   Defendants did not pay Plaintiff the federally-mandated minimum wage for all hours worked in individual work weeks as described more fully in paragraphs 6-32, supra.

**ANSWER:   The Defendants deny the allegations in paragraph 55.**

56.   Defendants' failure to pay Plaintiff the federally-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the FLSA.

**ANSWER:   The Defendants deny the allegations in paragraph 56.**

57.   Plaintiff is entitled to recover unpaid minimum wages for up to three years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

**ANSWER:   The Defendants deny the allegations in paragraph 57.**

WHEREFORE, the Defendants TRIUNE LOGISTICS, LLC and ALFRED A. GARZA request that judgment be entered in their favor and against the Plaintiff ANA LAURA FLORES on Count IV of the first amended complaint and award them costs and whatever further relief as this Court may deem appropriate.

THE DEFENDANTS REQUEST TRIAL BY JURY.

14

## COUNT V
### Violation of the IMWL - Minimum Wages

Plaintiff incorporates and re-alleges paragraphs 1 through 57 as though set forth herein.

**ANSWER: The Defendants repeat, reallege and incorporate by reference their answers to paragraphs 1 through 57 of the amended complaint as their answer to the preamble to Count V since there is no paragraph number to the Plaintiff's incorporation provisions.**

58. This Count arises from Defendants' violation of the IMWL for their failure to pay Plaintiff the Illinois mandated minimum wage rate for all time worked in individual work weeks as described more fully in paragraphs 6-32, supra.

**ANSWER: The Defendants deny the allegations in paragraph 58.**

59. Defendants suffered or permitted Plaintiff to work within the three years prior to the filing this lawsuit.

**ANSWER: The Defendants deny the allegations in paragraph 59.**

60. Plaintiff was not exempt from the minimum wage provisions of the IMWL.

**ANSWER: The Defendants deny the allegations in paragraph 60.**

61. Plaintiff was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

**ANSWER: The Defendants deny the allegations in paragraph 61.**

62.     Defendants did not pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks as described more fully in paragraphs 6-32, supra.

**ANSWER:   The Defendants deny the allegations in paragraph 62.**

63.     Defendants' failure to pay Plaintiff the Illinois-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the IMWL.

**ANSWER:   The Defendants deny the allegations in paragraph 63.**

64.     Pursuant to Section 12(a) of the IMWL, Plaintiff is entitled to recover unpaid wages and statutory interest for three (3) years prior to the filing of this suit.

**ANSWER:   The Defendants deny the allegations in paragraph 64.**

WHEREFORE, the Defendants TRIUNE LOGISTICS, LLC and ALFRED A. GARZA request that judgment be entered in their favor and against the Plaintiff ANA LAURA FLORES on Count V of the first amended complaint and award them costs and whatever further relief as this Court may deem appropriate.

THE DEFENDANTS REQUEST TRIAL BY JURY.

### COUNT VI
### Violation of the CMWO- Minimum Wages

Plaintiff incorporates and re-alleges paragraphs 1 through 64 as though set forth herein.

**ANSWER:  The Defendants repeat, reallege and incorporate by reference their answers to paragraphs 1 through 64 of the amended complaint as their answers to**

**the preamble to Count VI since there is no paragraph number to the Plaintiff's incorporation provisions.**

65.    This Count arises from Defendants' violation of the CMWO for their failure to pay Plaintiff the Chicago mandated minimum wage rate for all time worked in individual work weeks as described more fully in paragraphs 6-32, supra.

**ANSWER:   The Defendants deny the allegations in paragraph 65.**

66.    Defendants suffered or permitted Plaintiff to work within the three years prior to the filing this lawsuit.

**ANSWER:   The Defendants deny the allegations in paragraph 66.**

67.    Plaintiff was not exempt from the minimum wage provisions of the CMWO.

**ANSWER:   The Defendants deny the allegations in paragraph 67.**

68.    Plaintiff was entitled to be paid not less than the city of Chicago-mandated minimum wage for all hours worked in individual work weeks.

**ANSWER:   The Defendants deny the allegations in paragraph 68.**

69.    Defendants did not pay Plaintiff the Chicago-mandated minimum wage for all hours worked in individual work weeks as described more fully in paragraphs 6-32, supra.

**ANSWER:   The Defendants deny the allegations in paragraph 69.**

70.    Pursuant to CMWO 1-24-110, Plaintiff is entitled to recover unpaid minimum wages.

**ANSWER:   The Defendants deny the allegations in paragraph 70.**

17

WHEREFORE, the Defendants TRIUNE LOGISTICS, LLC and ALFRED A. GARZA request that judgment be entered in their favor and against the Plaintiff ANA LAURA FLORES on Count VI of the first amended complaint and award them costs and whatever further relief as this Court may deem appropriate.

THE DEFENDANTS REQUEST TRIAL BY JURY.

## COUNT VII
### Violation of the Fair Labor Standards Act - Retaliation

Plaintiff hereby re-alleges and incorporates paragraphs 1 through 70 of this Complaint, as if fully set forth herein.

**ANSWER: The Defendants repeat, reallege and incorporate by reference their answers to paragraphs 1 through 70 of the amended complaint as their answer to the preamble to Count VII since there is no paragraph number to the Plaintiff's incorporation provisions.**

71. This Count arises from Defendants' violation of the FLSA for Defendants' retaliatory acts against Plaintiff.

**ANSWER: The Defendants deny the allegations in paragraph 71.**

72. Plaintiff was subjected to unlawful shorting of hours worked, including hours that should have been paid an overtime rate of pay, as alleged in paragraphs 6-32, supra.

**ANSWER: The Defendants deny the allegations in paragraph 72.**

73. Plaintiff made complaints to Defendants about Defendants' failure to pay her for all time worked.

**ANSWER:   The Defendants deny the allegations in paragraph 73.**

74.     Defendants discharged Plaintiff in retaliation for Plaintiffs Complaints about Defendants' failure to pay her for all time worked, including hours worked in excess of forty hours per week.

**ANSWER:   The Defendants deny the allegations in paragraph 74.**

75.     Pursuant to Section 15(a)(3) of the FLSA, it is unlawful to discharge or in any other manner discriminate against employees because such employees have made a Complaint under or related to the FLSA.

**ANSWER:   The Defendants deny the allegations in paragraph 75.**

76.     Defendants' retaliatory acts against Plaintiff after she made her Complaints were in violation of Section 15(a)(3) of the FLSA.

**ANSWER:   The Defendants deny the allegations in paragraph 76.**

77.     Plaintiff is entitled to recover such legal or equitable relief as may be appropriate to effectuate the purposes of Section 15(a)(3) of the FLSA.

**ANSWER:   The Defendants deny the allegations in paragraph 77.**

WHEREFORE, the Defendants TRIUNE LOGISTICS, LLC and ALFRED A. GARZA request that judgment be entered in their favor and against the Plaintiff ANA LAURA FLORES on Count VII of the first amended complaint and award them costs and whatever further relief as this Court may deem appropriate.

THE DEFENDANTS REQUEST TRIAL BY JURY.

## COUNT VIII
## Violation of the Illinois Wage Payment and Collection Act - Retaliation

Plaintiff hereby re-alleges and incorporate paragraphs 1 through 77 of this Complaint, as if fully set forth herein.

**ANSWER: The Defendants repeat, reallege and incorporate by reference their answers to paragraphs 1 through 77 of the amended complaint as their answer to the preamble to Count VIII since there is no paragraph number to the Plaintiff's incorporation provisions.**

78. This Count arises from Defendants' violation of the IWPCA for Defendant's retaliatory acts against Plaintiff.

**ANSWER: The Defendants deny the allegations in paragraph 78.**

79. Plaintiff was subjected to unlawful shorting of hours worked, including hours that should have been paid an overtime rate of pay, as alleged in paragraphs 6-32, supra.

**ANSWER: The Defendants deny the allegations in paragraph 79.**

80. Plaintiff made complaints to her employer about Defendants' failure to pay her for all time worked.

**ANSWER: The Defendants deny the allegations in paragraph 80.**

81. Defendants discharged Plaintiff in retaliation for Plaintiffs Complaints about Defendant's failure to pay her for all time worked.

**ANSWER: The Defendants deny the allegations in paragraph 81.**

82.     Pursuant to Section 14(c) of the IWPCA, it is unlawful to discharge or in any other manner discriminate against employees because such employees have made a complaint to their employer or a community organization or filed a Complaint under or related to the IWPCA.

**ANSWER:   The Defendants deny the allegations in paragraph 82.**

83.     Defendants' retaliatory acts against Plaintiff were in violation of Section 14(c) of the IWPCA.

**ANSWER:   The Defendants deny the allegations in paragraph 83.**

84.     Plaintiff is entitled to recover such legal or equitable relief as may be appropriate to effectuate the purposes of Section 14(c) of the IWPCA.

**ANSWER:   The Defendants deny the allegations in paragraph 84.**

WHEREFORE, the Defendants TRIUNE LOGISTICS, LLC and ALFRED A. GARZA request that judgment be entered in their favor and against the Plaintiff ANA LAURA FLORES on Count VIII of the first amended complaint and award them costs and whatever further relief as this Court may deem appropriate.

THE DEFENDANTS REQUEST TRIAL BY JURY.

**COUNT IX**
**Common Law Retaliation**

Plaintiff hereby incorporates and re-alleges paragraphs 1 to 85 of this Complaint as though set forth herein.

**ANSWER:   The Defendants repeat, reallege and incorporate by reference their answers to paragraphs 1 through 85 of the amended complaint as their answer to**

the preamble to Count IX since there is no paragraph number to the Plaintiff's incorporation provisions.

85.     This Count arises from Defendants' retaliatory discharge of Plaintiff in derogation of her rights under the Illinois Workers' Compensation Act.

**ANSWER:   The Defendants deny the allegations in paragraph 85.**

86.     Plaintiff was injured while performing her duties for Defendants.

**ANSWER:   The Defendants deny the allegations in paragraph 86.**

87.     Plaintiff informed the Defendants of the work injury.

**ANSWER:   The Defendants deny the allegations in paragraph 87.**

88.     Defendants discharged Plaintiff in derogation of her rights under the Illinois Workers Compensation Act and to intimidate Plaintiff and dissuade her from asserting her rights under the Act.

**ANSWER:   The Defendants deny the allegations in paragraph 88.**

WHEREFORE, the Defendants TRIUNE LOGISTICS, LLC and ALFRED A. GARZA request that judgment be entered in their favor and against the Plaintiff ANA LAURA FLORES on Count IX of the first amended complaint and award them costs and whatever further relief as this Court may deem appropriate.

THE DEFENDANTS REQUEST TRIAL BY JURY.

## **AFFIRMATIVE DEFENSES**

1.     The Plaintiff fails to state causes of action under any of the counts in the first amended complaint.

22

2.      To the extent that any of these causes of actions do not comport with the applicable statute of limitations, they are barred.

3.      To the extent that the Plaintiff seeks equitable relief from this Court in any of these counts, the Plaintiff is barred under the doctrine of unclean hands since the Plaintiff has misappropriated certain company information while employed by the Defendant TRIUNE.

WHEREFORE, the Defendants TRIUNE LOGISTICS, LLC and ALFRED A. GARZA request that judgment be entered in their favor and against the Plaintiff ANA LAURA FLORES and award them costs and whatever further relief as this Court may deem appropriate.

THE DEFENDANTS REQUEST TRIAL BY JURY.

Respectfully submitted,

/s/ Joel F. Handler
JOEL F. HANDLER (#1115812)
One E. Wacker Drive, Suite 510
Chicago, Illinois 60601
(312) 832-0008
Attorney for the Defendants,
TRIUNE LOGISTICS, LLC
and ALFRED A. GARZA